**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEWYORK**

Layla Saliba,

     Plaintiff,

v.

Menajem Mendel Perez,

     Defendant

**Notice of Removal**

 Civil Action Case No. 1:25-cv-09924

**PLEASE TAKE NOTICE** that Defendant, Menajem Perez, by and through its undersigned counsel Defendant Perez, respectfully removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. In support of removal, Defendant states as follows:

1.     Plaintiff commenced this action in the Supreme Court of the State of New York, County of New York, under Index No. 160020/2025.

2.     Copies of all pleadings, process, and orders served upon Defendant in the state-court action are annexed hereto as Exhibit A, as required by 28 U.S.C. § 1446(a).

3.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it is filed within 30 days of Defendant's receipt of the initial pleading.

4.     Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5.      This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's Complaint expressly asserts a cause of action under 42 U.S.C. § 1985(3). A claim arising under federal law appears on the face of complaint, and therefore the action arises under federal law within the meaning of § 1331. *See Friends of Falun Gong v. Pac. Cultural Enter., Inc.,* 288 F. Supp. 2d 273 (E.D.N.Y. 2003).

6.      Under the well-pleaded complaint rule, federal-question jurisdiction exists when "federal law creates the cause of action." Plaintiff's Complaint invokes § 1985(3) directly. That is sufficient to confer federal-question jurisdiction. *New York v. Arm or Ally, LLC*, 644 F. Supp. 3d 70, 76 (S.D.N.Y. 2022).

7.      Whether Plaintiff has adequately stated a § 1985(3) claim is irrelevant to removal. A complaint presents a federal question if a claim is based on federal law, even if the allegations are conclusory and the claim is ultimately dismissed for failing to state a claim for relief on the merits. *Cmty. Bank, N.A. v. JPMorgan Chase & Co.*, 761 F. Supp. 3d 469, 477 n.8 (N.D.N.Y. 2024).

8.      This Court also has original jurisdiction under 28 U.S.C. § 1332, which requires complete diversity and the amount in controversy to exceed $75,000.

9.      Plaintiff is domiciled in New York. Defendant is domiciled in Florida. Thus, complete diversity exists.

10.     The amount in controversy requirement of § 1332(a) is satisfied. In Plaintiff's prior federal case arising from the same underlying incident, *Saliba v. Perez*, No. 1:24-cv-08359-MKV (S.D.N.Y.), Plaintiff affirmatively represented that the amount in controversy exceeds $75,000.

See ECF No. 17 ("The pleadings thus amply allege … an amount in controversy that exceeds $75,000.00 …).

11.    The one-year limitation on diversity-based removal in 28 U.S.C. § 1446(c)(1) does not bar removal here. This Notice is filed well within one year of the commencement of the present state-court action (Index No. 160020/2025), and in any event, removal is independently proper based on federal-question jurisdiction.

12.    Venue is proper in this Court under 28 U.S.C. § 1441(a) because the Southern District of New York encompasses the location of the state court in which this action was originally filed.

13.    Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve written notice of this removal on Plaintiff and will file a copy of this Notice with the Clerk of the Supreme Court of the State of New York, County of New York.

14.    For the foregoing reasons, Defendant removes this action to the United States District Court for the Southern District of New York.

Dated: November 26, 2025

Respectfully Submitted,

/s/ *Lauren Israelovitch*

Lauren Israelovitch
National Jewish Advocacy Center, Inc.
3 Times Square, Suite 512
New York, NY 10036
(914) 222-3828
lauren@njaclaw.org